UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BENNIE GOSSETT and
GARY LYNETTE GOSSETT                                               PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 3:04CV137

NATIONWIDE INSURANCE COMPANY OF
AMERICA                                                              DEFENDANT

ORDER

This cause comes before the court on the motion of defendant Nationwide Insurance Company of America ("Nationwide") [31-1] for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiffs have responded, albeit belatedly, to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a bad faith insurance case arising out of the destruction by fire of plaintiffs' residence, located in Lafayette County, on May 5 and May 6, 2003. The fire first broke out around 10:30 a.m. on May 5, and the fire department responded quickly and put out the fire. The fire reignited in the early morning hours of May 6, totally destroying the house. Plaintiffs filed a claim for insurance benefits with their homeowner's insurer Nationwide, which eventually denied the claim. Plaintiffs filed the instant bad faith action against Nationwide in Lafayette County Chancery Court, and Nationwide removed the case to this court on July 26, 2004. On July 14, 2005, Nationwide filed the instant motion for summary judgment, arguing that it properly denied plaintiffs' claim for insurance benefits on the basis of plaintiffs' refusal to

submit to an interview under oath, their actions in having the remains of the house removed prior to the completion of arson investigations and based upon what Nationwide alleges to be plaintiffs' intentional burning of their own home.

Plaintiffs failed to respond to the motion for summary judgment until September 13, 2005, and Nationwide has moved to strike their response on the basis of untimeliness. In so moving, Nationwide notes that the response was filed almost two months after Nationwide's initial motion, well in excess of the ten days provided by law, and that plaintiff never sought an extension of time to submit a reply. In response, plaintiffs argue that their counsel's heavy workload, combined with the fact that counsel "for the first time in more than seven years, took a ten day vacation from practice" rendered him unable to timely respond to the lengthy motion for summary judgment. In the court's view, counsel's heavy workload may have entitled it to obtain a limited extension of time if such an extension had been sought, but it is plain that no such extension was sought in this case. This court will generally grant reasonable motions for extension of time, but it is essential that parties actually file motions for such extensions, rather than seeking for this court to ignore the rules of procedure after the fact.

The court *might* be more willing to overlook plaintiffs' tardiness if the eventual reply submitted by plaintiffs had complied with relevant standards for responses to motions for summary judgment, but such is clearly not the case. Indeed, the response belatedly submitted by plaintiffs is written as if it were an answer to a complaint, with paragraph-by-paragraph admissions and denials of the allegations set forth in the motion for summary judgment. Most of the paragraphs in plaintiffs' response include simple statements that "plaintiffs deny the allegations of paragraph __ of the motion for summary judgment," with no elaboration or

2

explanation whatsoever. In addition, plaintiffs did not submit a single affidavit or exhibit in response to the twenty such exhibits submitted by defendant in support of its motion. Plaintiffs apparently feel that they may oppose a motion for summary judgment supported by strong evidence with bare denials, but such is clearly not the case. This court could only accept plaintiffs' response to the motion for summary judgment by ignoring virtually all procedural and substantive standards relevant to such responses, but the court declines to do so. Nationwide's motion to strike plaintiffs' response will therefore be granted.

Turning to the merits of the motion for summary judgment, the court can discern no genuine issue of material fact as to whether plaintiffs failed to comply with the terms of their policy by refusing to submit to an examination under oath. The court similarly finds no genuine issue of material fact as to whether plaintiffs failed to comply with the terms of their policy by having their property razed and the debris removed on June 1, 2003, in contravention of express instructions to the contrary by Nationwide. It is apparent that these actions served to seriously hamper Nationwide's ongoing arson investigation of the fire, and the court agrees with Nationwide that plaintiffs' actions constituted material breaches of the insurance contract which justified its refusal to pay the homeowners benefits sought by plaintiffs.

While the issue of whether plaintiffs intentionally burned their own home is one which is heavily fact-dependent, the court would note that Nationwide has evidence which, at the very least, raises a great deal of suspicion in this regard. For example, Nationwide has submitted an incident report prepared by Lafayette County fire investigator Darin Roy which quotes plaintiff Bennie Gossett's sons Chris and Andy Gossett as both stating that, after the first fire was initially extinguished, plaintiff Lynette Gossett asked Chris and Andy to finish burning the house. While

3

the court finds it unnecessary to determine whether fact issues exist as to Nationwide's arson allegations, it is apparent that plaintiffs would have a great deal of incriminating evidence to explain if this case were to go to trial.

In light of the foregoing, the court concludes that no genuine issue of material fact exists with regard to whether Nationwide was justified in refusing to pay plaintiffs insurance benefits, based upon plaintiffs' actions in refusing to submit to sworn interviews and in having the remains of their home razed and removed prior to the completion of arson investigations. It is therefore ordered that Nationwide's motions [31-1] for summary judgment and to strike [35-1] are granted. Plaintiffs' motion [38-1] to continue is dismissed as moot.

A separate judgment will be issued this date, in accordance with Fed. R. Civ. Pro. 58.

SO ORDERED, this the 12th day of October, 2005.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**